## Bubbis v. Duffy & Bros., Inc.

*L. S. Rosenthal*, for plaintiff; *Felix & Felix*, for defendant.

ALESSANDRONI, J., July 31, 1930.—The bill in equity recited that the plaintiff was the assignee for value of fifty shares of preferred stock and fifty shares of common stock in the defendant corporation and that the defendant wrongfully refused to transfer the stock to his name on the books of the corporation and to issue new stock certificates in his name. The answer to the bill denied these facts.

Upon consideration of the bill in equity, the answer thereto and the facts established by the testimony, the court makes the following

### Findings of fact.

1. On April 22, 1927, Samuel Lundy was employed by Duffy & Bros., Inc., and purchased fifty shares of the common stock and fifty shares of the pre-

ferred stock of the said Duffy & Bros., Inc., and on the same day two certificates for the stock were issued to him, said certificates stating on their face that the shares were "full paid and non-assessable" and were of the par value of $50 each.

2. The said Samuel Lundy, by check dated April 22, 1927, paid to Duffy Bros. the sum of $4636.51 on account of the purchase of the stock. A dispute has arisen as to whether any balance remains due and payable unto Duffy & Bros., Inc., on account of the stock purchase, Samuel Lundy contending that the balance of $363.49 was paid by the assignment of an account receivable, and the defendant corporation contending that the balance was not paid and that $500 is still owing on the stock. Defendant corporation has brought an action at law for the sum of $500 claimed to be due, which case has not yet come to trial and the decision of which is not necessary for the determination of this action and will, therefore, not be considered.

3. On April 4, 1929, Samuel Lundy's brother-in-law, A. David Bubbis, the plaintiff, loaned Samuel Lundy the sum of $5000, the stock certificates being used as collateral. The loan was not repaid in time, due to the inability of Samuel Lundy to cash the stock certificates, and on Aug. 23, 1929, both stock certificates were assigned to A. David Bubbis in payment of the $5000 debt.

4. The defendant corporation refused and persists in its refusal to assign and transfer these shares on the books of the corporation to A. David Bubbis because of the balance of $500, which it claims against Samuel Lundy, and also refused to issue new stock certificates in the name of A. David Bubbis for the same reason.

5. The secretary of the defendant corporation, Daniel D. Duffy, issued these full-paid certificates, although he stated he made a mistake and knew that a rider should have been attached, stating it was not fully paid.

6. A. David Bubbis made a *bona fide* purchase of the stock from Samuel Lundy without notice that any money was claimed to be due the defendant corporation for the stock, relying on the clause appearing on the face of the certificate that the shares were full paid and upon the integrity of his brother-in-law.

## Discussion.

The testimony clearly indicates that the plaintiff is an innocent purchaser for value without notice of any alleged claim of the defendant corporation for the unpaid balance due on the stock. Regardless of whether the claim of the defendant corporation is valid, the plaintiff is entitled to the transfer of the shares on the books of the corporation to his own name and to the issuance of stock certificates in his own name. Section 15 of the Uniform Stock Transfer Act of May 5, 1911, P. L. 126, is as follows:

"There shall be no lien in favor of a corporation upon the shares represented by a certificate issued by such corporation, and there shall be no restriction upon the transfer of shares so represented, by virtue of any by-law of such corporation, or otherwise, unless the right of the corporation to such lien or the restriction is stated upon the certificate."

Under this authority, the transfer and assignment of the stock from Samuel Lundy to A. David Dubbis was without restriction and free of any lien of the corporation.

While the defendant corporation was organized under the laws of Delaware, no evidence was produced to indicate that the laws of that state differ in any respect from those of the State of Pennsylvania, and we cannot take judicial notice of the fact that the law of Delaware varies from that of this state. As stated in 23 Corpus Juris, 131: "Ordinarily the courts of one state do not

take judicial notice of the laws of another state. Hence, they do not take judicial notice of the fact that the law of another state differs from that of their own state." The plaintiff, therefore, is entitled to have the stock transferred to his name on the books of the corporation and to have new stock certificates issued in his own name.

No requests for findings of fact and conclusions of law were submitted by either party.

### Conclusions of law.

1. The plaintiff is a *bona fide* purchaser of the stock of Samuel Lundy in Duffy & Bros., Inc., and purchased the stock without notice of any lien of the defendant corporation.

2. The stock certificates are full paid and no lien or restriction of any kind appears upon their face.

3. Plaintiff is entitled to have the stock transferred to his name on the books of the defendant corporation and to have new certificates in his own name issued to him.

4. Defendant to pay the costs of this proceeding.

### Decree nisi.

And now, to wit, July 31, 1930, it is hereby ordered, adjudged and decreed that the defendant corporation transfer the stock appearing in its books under the name of Samuel Lundy to A. David Bubbis and that it issue new stock certificates for the aforesaid stock in the name of A. David Bubbis; defendant to pay the costs of this proceeding.